IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20505
Summary Calendar
_____

MORRIS BROUSSARD,

Plaintiff-Appellant,

versus

WAYNE SCOTT; JERRY PETERSON;
BILL CHEATHAM; GARY GRIFFITH;
JUNE GROOM; RICHARD BELANGER;
DONDI POSTON; DELANA WILSON;
CYNTHIA TILLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(CA-H-95-444)
_____

March 13, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Morris Broussard, a Texas Department of Criminal Justice prisoner, has filed this 42 U.S.C. § 1983 complaint in which he alleges that he was placed in administrative segregation on January 23, 1992, following a disciplinary hearing in which he was found guilty of escape. He challenges his confinement in administrative segregation from January 5, 1994 through January 3, 1995, alleging that he has been denied meaningful ninety-day review hearings by

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the state classification committee.  He seeks compensatory and punitive damages, damages for emotional distress, and protection from retaliation.  The district court dismissed his complaint as frivolous, pursuant to 28 U.S.C. § 1915(d), and did not certify IFP status for appeal.  We agree with the district court.  In the light of <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995) and our recent case in <u>Pichardo v. Kinker</u>, No. 95-40413 (S.D. Miss. Jan. 31, 1996), a certificate of probable cause must be denied, because Broussard's claim has no arguable basis in law or fact and, consequently, should be dismissed.  <u>See</u> <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994).  As we noted in <u>Pichardo</u>, "absent extraordinary circumstances, administrative segregation as such, being an incident to ordinary life as a prisoner, will never be a ground for a constitutional claim . . . ."  This appeal is therefore

D I S M I S S E D.